UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY CLARK,

    Plaintiff,

  v.

SCF WAXLER MARINE LLC,

    Defendant.

Case No. 14-cv-746-JPG-PMF

## MEMORANDUM AND ORDER

    This matter comes before the Court following Magistrate Judge Philip M. Frazier's order to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution (Doc. 12). Under Rule 41(b), the Court has discretion to dismiss a suit for lack of prosecution. *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013). However, it should not do so immediately after the first problem occurs and without exploring other potentially effective options. *Id.* The plaintiff should also have warning that the Court is considering dismissal. *Id.*

    The Court is convinced that plaintiff Timothy Clark is no longer interested in pursuing this case. His attorney filed a complaint in July 2014. In March 2015, Clark's counsel moved to withdraw because "circumstances ha[d] arisen between the Plaintiff and counsel whereby continued representation [was] not possible." (Doc. 10). In accordance with Local Rule 83.1(g)(2), counsel stated that he informed Clark that he had 21 days to provide either his or his new counsel's address for service. The Court granted the motion to withdraw and informed Clark that he had until April 23, 2015, to file a supplemental appearance *pro se* or through substitute counsel and provide an address at which he would receive service of documents related to this case (Doc. 11). The Court further warned Clark that the failure to timely appear could result in

sanctions, including dismissal.   No appearance was filed.

On April 24, 2015, noting the absence of any appearance, Magistrate Judge Frazier ordered Clark to comply with his prior order by May 11, 2015, or show cause in writing why this case should not be dismissed for lack of prosecution.   Again, the Court warned Clark that the failure to comply with the Court's order would be construed as an admission that he is no longer interested in prosecuting this case.   Clark did not respond to this order.

Clark's repeated failure to comply with Court orders despite the Court's warning that such a failure could result in dismissal of this case demonstrates to the Court he is no longer interested in prosecuting this case.   In light of Clark's unwillingness to respond to the Court, the Court believes there are no potentially effective options to move this case forward and that dismissal is warranted. Accordingly, the Court **DISMISSES** this case **without prejudice** pursuant to Rule 41(b) for lack of prosecution and the Court's inherent authority to manage its docket.   *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).   The Court further **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   September 30, 2015**

>                            s/ J. Phil Gilbert
>                            **J. PHIL GILBERT**
>                            **DISTRICT JUDGE**